**No. 52196.**—Southern Publishing Association v. United States, protest 126486–K (Memphis).

EKWALL, Judge: Plaintiff herein filed protest against the assessment of duty upon a quantity of medical books imported from Canada. The collector assessed duty thereon at the rate of 20 percent ad valorem under paragraph 1410, Tariff Act of 1930, as modified.

It is claimed on the part of the plaintiff, who appeared without counsel, that these books are not properly subject to duty in that they are replacements for an equal number of the same works which had been previously imported and entered for consumption, and on which duties had been paid. The books covered by this first importation were later returned to Canada. Plaintiff further claims that the assessment made by the collector on this second importation constituted clerical error.

The testimony of the vice president and general manager of the plaintiff corporation discloses that the ground upon which he claims clerical error is that having paid duty on the first importation, a portion of which was returned to Canada, the Government should not take duty upon a second importation which was in the nature of a replacement. The reason for the return to Canada of a portion of the books covered by the first importation was that the Canadian publisher found that his stock was depleted and requested the return of some of those which had been exported to this country, with the understanding that the books returned would be replaced when a new edition was printed.

Counsel for the Government moved to dismiss the protest as untimely under section 514, Tariff Act of 1930. The entry was liquidated on October 26, 1945, and protest filed on June 27, 1946, 8 months thereafter. Said section 514 requires that protests be filed within 60 days after liquidation, or in cases of clerical error, within 60 days after the refusal of the collector to reliquidate the entry on the ground of such clerical error. It is plain that the protest filed on June 27 is untimely and should be dismissed. An earlier letter of complaint filed with the collector on September 28, 1945, even if it could be considered a protest, is premature, having been filed prior to liquidation.

Even were the court at liberty to consider the merits, it is apparent that this was an initial importation and as such must be assessed with duty as provided in section 1 of the said tariff act providing that "all articles when imported from any foreign country into the United States * * *" shall pay "the rates of duty

which are prescribed by the schedules and paragraphs of the dutiable list of this title * * *." Moreover, there is nothing in the record to warrant a finding of clerical error as that term has been defined by the courts. See the leading case of *McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401.

For the reasons given above we hold that the protest is untimely and should be and the same hereby is dismissed.

Judgment will be rendered accordingly.